UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Angela Dawn Perez Dowling, | § § § § | |
| *Plaintiff,* | § § | Case No. 4:23-cv-03768 |
| v. | § § | |
| Kilolo Kijakazi,[1] Acting Commissioner of Social Security, | § § § § § | |
| *Defendant.* | § § | |

## AMENDED MEMORANDUM AND RECOMMENDATION[2]

In this Social Security appeal, the Commissioner of the Social Security Administration has moved to dismiss Plaintiff Angela Dawn Perez Dowling's claims under Fed. R. Civ. P. 12(b)(6), or alternatively for summary judgment, for failure to exhaust administrative remedies. Dkt. 4. The case was referred to the undersigned judge. Dkt. 3. After carefully considering the motion, Dowling's response, Dkt. 8, and the applicable law, it is recommended that the Commissioner's motion (Dkt. 4) be granted and that this appeal be dismissed without prejudice.

---

[1] Although Martin O'Malley became the Commissioner of Social Security on December 20, 2023, no request to substitute him as Defendant has been filed.

[2] This amended opinion supersedes the original Memorandum and Recommendation (Dkt. 9) by modifying the last sentence on this page, adding a paragraph at the end of the analysis, and changing the recommendation to a dismissal without prejudice.

## Background

In July 2022, Dowling filed an application for disability insurance benefits under Title II and Title XVIII of the Social Security Act, alleging a disability onset date of December 27, 2019. Dkt. 4-1 at 5 (DX-1). After Dowling's application was denied, *see id.* at 14 (DX-2), she sought reconsideration, *id.* at 19 (DX-3).

In a notice denying Dowling's request for reconsideration, the Commissioner told Dowling of her right to request an oral hearing before an Administrative Law Judge (ALJ) within 60 days of receipt. *Id.* at 21 (DX-4). Dowling did not request a hearing. *Id.* at 2 (Declaration of Dmitri Drayden). Instead, acting *pro se*, Dowling filed a state court suit requesting judicial review. Dkt. 1-2 at 1.

The Commissioner removed the case to this Court, Dkt. 1, and filed the pending motion asserting that Dowling failed to exhaust her administrative remedies, *see* Dkt. 4. Dowling filed a response but did not engage that threshold issue. *See* Dkt. 8. The Commissioner's motion is ripe for resolution.

## Legal standard

The Commissioner's motion seeks dismissal or, alternatively, summary judgment. *See* Dkt. 4. The motion relies on documents extrinsic to Dowling's pleading, and the Commissioner has not requested judicial notice of those documents. In addition, the Commissioner's contention that Dowling failed to

2

exhaust administrative remedies is not a jurisdictional challenge. *See Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019). The Court therefore applies the summary judgment standard under Rule 56. *See* Fed. R. Civ. P. 12(d) (motion to dismiss that attaches and relies on evidence outside the pleading "must be treated as one for summary judgment under Rule 56").

Summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When resolving a motion for summary judgment, courts must view the facts and any reasonable inferences "in the light most favorable to the nonmoving party." *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (internal quotation marks omitted). "[T]he court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party …." *Union Pac. Res. Grp., Inc. v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 584 (5th Cir. 2001).

## Analysis

### I. Administrative review of disability determinations

The administrative review process has four steps: (1) an initial determination; (2) reconsideration; (3) a hearing before an ALJ; and (4) review by the Appeals Council. *See* 20 C.F.R. § 404.900(a). A claimant must challenge an adverse determination at each step by pursuing the next step within a

specified time period. *See id.* § 404.900(b). Only after pursuing and exhausting all four steps can a claimant seek judicial review in a federal district court. *See id.* § 404.900(a)(5); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987) ("Once the claimant has exhausted these administrative remedies, [s]he may seek review in federal district court."). Unless a claimant has complied with those procedures, there is no final decision for this Court to review under 42 U.S.C. § 405(g). *See Sims v. Apfel*, 530 U.S. 103, 107 (2000) (failure to request review from Appeals Council precludes judicial review); *Sefiane v. Comm'r of Soc. Sec. Admin.*, 2021 WL 5989758, at *2 (S.D. Tex. Nov. 2, 2021) (failure to seek review at steps two through four warranted dismissal of appeal), *adopted by* 2021 WL 5987187 (S.D. Tex. Dec. 17, 2021).

## II. <u>Dowling did not exhaust her administrative remedies, which precludes judicial review.</u>

Dowling failed to pursue all the steps of administrative review. As a result, this Court cannot review the Commissioner's denial of benefits.

Dowling only completed the first and second steps of administrative review: she obtained an initial determination on March 27, 2023, denying benefits, and an affirmance of that denial on August 11, 2023 after requesting reconsideration. Dkt. 4-1 at 14; *id.* at 21. She did not pursue the third and fourth steps by requesting a hearing before an ALJ and obtaining review from the Appeals Council.

4

When denying reconsideration, the Commissioner informed Dowling that she had 60 days to file a request for hearing before an ALJ. *See id.* at 21. Uncontroverted evidence shows that Dowling neither requested a hearing nor an extension of time to request one. *See* Dkt. 4-1 at 2; *see also* 20 C.F.R. § 404.933(b)-(c) (deadline for filing or requesting an extension to file a request for hearing). Dowling also presents no evidence rebutting the presumption that she received the notice. *See* 20 C.F.R. § 404.901 (presumption that notice was received five days after the date on the notice unless the claimant shows it was not received during that period).

When responding to the Commissioner's motion in this Court, Dowling did not articulate any basis for judicial review. *See generally* Dkt. 8. Rather, she reprised her contentions that various injuries render her disabled. *Compare id. with* Dkt. 1. Dowling's *pro se* status does not relieve her burden to show that the prerequisites for judicial review have been met.

Moreover, Dowling has proffered neither argument nor evidence indicating that the exhaustion requirement should be excused. *See Smith*, 139 S. Ct. 1765 at 1773-74 (courts can excuse a failure to exhaust administrative remedies). "Traditional circumstances" that can excuse a failure to exhaust administrative remedies include where

> (1) the unexhausted administrative remedy would be plainly inadequate, (2) the claimant has made a constitutional challenge that would remain standing after exhaustion of the administrative

5

> remedy, (3) the adequacy of the administrative remedy is essentially coextensive with the merits of the claim (e.g., the claimant contends that the administrative process itself is unlawful), and (4) exhaustion of administrative remedies would be futile because the administrative agency will clearly reject the claim.

*Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 606 (5th Cir. 2007) (quoting *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 477 (5th Cir. 1997)); *see also Chambers v. Berryhill*, 2020 WL 5099829, at *6 (N.D. Tex. Aug. 12, 2020) (applying these factors), *adopted by* 2020 WL 5094684 (N.D. Tex. Aug. 29, 2020), *aff'd sub nom. Chambers v. Kijakazi*, 86 F.4th 1102 (5th Cir. 2023).

Dowling has not asserted or shown that any of these exceptions exists. There is no indication that administrative review would have been inadequate, and Dowling has not raised any constitutional challenges. Her allegations in this Court are wholly intertwined with her underlying claim for benefits, rather than challenging the review process itself. *See Chambers*, 86 F.4th at 1107 (similar observation foreclosed excusing exhaustion requirement). And nothing suggests that exhausting the review process would have been futile, nor that requiring Dowling to exhaust her remedies would cause irreparable harm. *See id.* (concluding "there is no indication that harm suffered pending exhaustion, if any, would be irreparable"). Because no exception applies, Dowling's failure to exhaust her administrative remedies warrants dismissing this case.

Dismissal for failure to exhaust administrative remedies "is without prejudice to the claimant's right to return to court" after her administrative remedies have been exhausted. *See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (addressing dismissal under Rule 12(b)(6)); *see also, e.g.*, *Mitchell v. Continental Airlines, Inc.*, 481 F.3d 225, 227, 232 (5th Cir. 2007) (affirming dismissal without prejudice on summary judgment for failure to exhaust remedies). Accordingly, Dowling's claims should be dismissed without prejudice.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Commissioner's motion to dismiss or for summary judgment (Dkt. 4) be **GRANTED**, and this appeal be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** ***Ortiz v. City of San Antonio Fire Dep't***, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on July 19, 2024 at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge